Sullivan, J.
Replevin by the plaintiff against the defendant for taking and unlawfully detaining a horse, &c. Pleas, 1, Non cepit. 2, Non detinet. 3, Property in the defendant, on which the plaintiff took issue. The defendant, for further defense, acknowledged the taking and justly, &o., because he said he was collector of the town of Fort Wayne, duly appointed, &c., and that as such collector, by virtue of a precept, and duplicates of the tax list for the taxes assessed by the Board of Trustees, &c., for' the years 1838 and 1839, on which tax list there was charged to the plaintiff, &c., he did, for the purpose of collecting, &c., take, seize and detain the said horse, &c., as he lawfully might, &c. The ‘plaintiff *504 *demurred, and the Court considering the declaration to be bad, gave judgment for the defendant.
T. Johnson, for the plaintiff.
R. Braolcenridge and H. Cooper, for the defendant.
The objection taken to the declaration was that the value of the goods was not stated.
The Court erred in considering the omission a defect in the declaration. Anciently, when the action of replevin was in the detinei, it was necessary to.state the value of the goods, because, as the goods were still in the possession of the defendant, the plaintiff, if he maintained his suit, recovered the value of the goods, as well as damages for their detention. But at the present day, in the action of replevin, the goods are delivered to the plaintiff when replevied, and their value need not be inquired into upon the trial, because if the plaintiff obtain a verdict, he is only entitled to damages for the wrongful taking and. his costs. 1 Saund., 347, note 2; 3 Saund., 320, note 1.
There are some technical objections to the cognizance, but we think it sufficient on general demurrer.
Per Curiam.—The judgment is reversed, with costs. Cause remanded, &c.